IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COURVOISIER SIMS,

                Petitioner,

    vs.

ROB JEFFREYS,

                Respondent.

**8:24CV302**

**MEMORANDUM AND ORDER**

This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 19. Respondent filed the relevant state court records, Filing No. 20, a statement of undisputed material facts, Filing No. 21, and a brief in support, Filing No. 22. Petitioner Courvoisier Sims ("Sims") filed a brief in opposition with attached exhibits. Filing No. 25. Respondent filed a reply brief, Filing No. 28, and this matter is fully submitted for disposition. Respondent contends Sims' Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Upon careful review, the Court agrees and will dismiss the petition with prejudice.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial

---

[1]    Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a

responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## II. UNDISPUTED MATERIAL FACTS

The following facts are taken largely from Respondent's statement of undisputed material facts. Filing No. 21. While Sims disputes the significance or Respondent's interpretation of certain facts, *see* Filing No. 25 at 1–2, Sims does not dispute the facts themselves nor does he dispute the accuracy of the

---

federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

procedural background set forth in Respondent's statement, which is properly supported by citations to the record. The Court, therefore, deems these facts admitted for purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

On July 18, 2017, Sims pleaded guilty in the District Court of Douglas County, Nebraska, to two counts of second degree murder and one count of use of a deadly weapon to commit a felony. Filing No. 20-4 at 41. On August 30, 2017, the state district court sentenced Sims to a total of 70 to 120 years in prison. *Id.* at 51.

Sims appealed, and the Nebraska Court of Appeals affirmed the judgment in a memorandum web opinion. Filing No. 20-1 at 4; *see also State v. Sims*, No. A-17-994, 2018 WL 6504210 (Neb. Ct. App. Dec. 11, 2018). The Nebraska Supreme Court denied Sims' petition for further review on April 3, 2019. Filing No. 20-1 at 4.

On March 27, 2020, Sims filed a motion for postconviction relief in the state district court, which was denied without an evidentiary hearing on February 10, 2023. Filing No. 20-5 at 2–4, 22–38. Sims did not appeal.

On July 31, 2023, Sims filed a motion requesting the state district court reinstate his time to appeal due to official negligence as the state district court clerk's office did not send him a copy of the postconviction order. *Id.* at 40–49. The state district court denied the motion without an evidentiary hearing. *Id.* at 67–68.

Sims appealed, and the Nebraska Court of Appeals reversed the lower court's order and remanded for an evidentiary hearing on whether Sims was

entitled to a reinstatement of his right to appeal the February 10, 2023, order denying postconviction relief. Filing No. 20-2 at 3.

On January 11, 2024, following an evidentiary hearing, the state district court reinstated Sims' right to appeal the February 10, 2023, order denying postconviction relief. Filing No. 20-6 at 88.

Sims filed an appeal, but his appeal was dismissed for lack of jurisdiction on April 15, 2024, because, though Sims "timely filed a notice of appeal following entry of the district court's order of January 11, 2024[,] . . . . he did not file a poverty affidavit or pay a docket fee within 30 days of the order." Filing No. 20-3 at 3. The Nebraska Supreme Court also denied Sims' petition for further review as untimely filed. *Id.*

Sims filed his habeas petition on August 1, 2024. Filing No. 1.

### III. ANALYSIS

Respondent submits that Sims' habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Liberally construed, Sims appears to assert that state-created impediments prevented him from timely filing his state postconviction appeal and both equitable tolling and the actual innocence exception should apply to excuse any untimely filing of his habeas petition. Upon careful consideration, the Court finds that Sims' petition must be dismissed as untimely and because neither equitable tolling nor the actual innocence exception apply to avoid the statute of limitations bar.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Sims' state court judgment became final on July 2, 2019, ninety days after the Nebraska Supreme Court denied his petition for further review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1); *McSwine v. Nebraska*, No. 8:21CV375, 2022 WL 125105, at *3 (D. Neb. Jan. 13, 2022) (holding petitioner's Nebraska conviction became final for the purposes of the one-year federal habeas statute of limitations ninety days after the Nebraska Supreme

Court denied the petition for further review). Accordingly, the one-year limitations period began to run from July 2, 2019.

The statute of limitations was tolled beginning on March 27, 2020, when Sims filed his motion for state post-conviction relief. The 269 days that elapsed between July 2, 2019, and March 27, 2020, count against the AEDPA one-year statute of limitations. *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'"). The parties do not dispute, and the Court will assume, that Sims' state post-conviction proceedings remained pending after the state district court denied Sim's postconviction motion on February 10, 2023, and throughout the proceedings to reinstate Sim's postconviction appeal up to January 11, 2024, when the state district court entered its order reinstating Sims' right to appeal.[2] But, the parties dispute whether Sims is entitled to any tolling of the statute of limitations after January 11, 2024, because, though Sims filed an appeal, the appeal was dismissed for lack of jurisdiction due to Sims' failure to file a poverty affidavit or pay the docket fee within 30 days of the January 11, 2024, order.

---

[2]    Though the parties maintain the statute of limitations was tolled in the interval between the state district court's denial of Sims' postconviction motion and the filing of his motion to reinstate his postconviction appeal, the Eighth Circuit has held that "an application [for post-conviction review] is not 'pending' after the time for appeal has expired, but before a motion for leave to proceed out of time has been filed." *Streu v. Dormire*, 557 F.3d 960, 967 (8th Cir. 2009). Applying *Streu*, then, the statute of limitations began to run again on March 13, 2023, when the time for filing an appeal of the state district court's February 10, 2023, order expired, and the 140 days that elapsed before Sims filed his motion to reinstate his postconviction appeal on July 31, 2023, would count against the federal limitations period. However, as stated above, the Court will assume the limitations period was tolled as the parties assert.

Under 28 U.S.C. § 2244(d)(2), the time during which "properly filed" post-conviction proceedings are pending is excluded when calculating AEDPA's one-year limitations period. "'An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings' under state law." *Wright v. Norris*, 299 F.3d 926, 928 (8th Cir. 2002) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Here, as Sims alleges, *see* Filing No. 25 at 4, and the Nebraska Court of Appeals acknowledged, *see* Filing No. 20-3 at 3, Sims filed a timely notice of appeal on February 12, 2024,[3] but he did not file a poverty affidavit or pay the docket fee by that date as required to perfect his appeal. *See* Neb. Rev. Stat. § 25-1912 (notice of appeal and docket fee or poverty affidavit must be filed within 30 days after entry of judgment). In Nebraska, "the filing of the notice of appeal and the depositing of the docket fee in the office of the clerk of the district court are both mandatory and jurisdictional[,]" and "[w]hen a poverty affidavit is substituted for the docket fee, it must be filed within the time and in the manner required for filing the docket fee." *State v. Parmar*, 586 N.W.2d 279, 282 (Neb. 1998) (internal quotations and citations omitted). Because Sims filed his poverty affidavit more than 30 days after the state district court's January 11, 2024, order, his appeal was untimely and was not a "properly filed" request for collateral review that tolled the federal limitations period. *See Wright*, 299 F.3d at 923 (holding that an Arkansas prisoner's motion for belated appeal was not "properly filed" to toll the federal statute of limitations where the prisoner tendered his motion within the 18-month period for filing such a motion but failed to lodge a partial

---

[3]    A copy of the February 12, 2024, notice of appeal does not appear in the state court records filed by Respondent. The Court, however, takes judicial notice of the February 12, 2024, notice of appeal filed in *State v. Courvoisier V. Sims*, No. CR16-75, District Court of Douglas County, Nebraska, a copy of which is attached to this order. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

record of the lower court proceedings until 7 days later, outside of the filing period, and the Supreme Court of Arkansas dismissed the motion as untimely); *Kidder v. Frakes*, 400 F. Supp. 3d 809, 818 (D. Neb. 2019) (petitioner's poverty affidavit filed more than 30 days after motion for reconsideration was denied was untimely under Nebraska law, such that appeal was untimely); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (holding AEDPA's tolling period does not include any time during which an untimely state post-conviction application is pending because the application was not "properly filed"); *Hoggro v. Boone*, 150 F.3d 1223, 1227 n. 4 (10th Cir. 1998) (noting an untimely post-conviction appeal is not "properly filed" for the purposes of tolling the AEDPA statute of limitations).

Since Sims' appeal was untimely and not properly filed, the Court does not exclude the entire time during which the appeal was pending (i.e., until the mandate issued on June 7, 2024, *see* Filing No. 20-3 at 3). But, even when a petitioner untimely appeals the denial of a post-conviction motion, the limitations period is tolled for the period during which the petitioner could have timely sought an appeal under state law. *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) ("[A]n application for state post-conviction or other collateral review remains 'pending' during the time in which a prisoner may appeal a denial of the application . . . .").[4] Thus, the limitations period was

---

[4]    While the Court applies *Streu* here, the Court notes that other judges of this Court have recognized a possible conflict between *Streu* and the United States Supreme Court decision in *Evans v. Chavis*, 546 U.S. 189 (2006), which held a state postconviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "*provided that* the filing of the notice of appeal is timely under state law," 546 U.S. at 191 (emphasis in original). *See Gardner v. Nebraska*, No. 8:16CV562, 2017 WL 2728411, at *1 n.1 (D. Neb. June 23, 2017) (discussing conflict); *see also Allen v. Frakes*, No. 4:14CV3049, 2015 WL 1470343, at *2 (D. Neb. Mar. 31, 2015) (applying *Evans* and concluding limitations period was not tolled during entire time period between state district court's denial of postconviction motion and petitioner's filing of untimely notice of appeal). Indeed, Respondent cites to *Evans, supra*, and *Allen, supra*, for the position that the tolling period stopped on January 11, 2024. Filing No. 22 at 3.

tolled until February 12, 2024, when the time for Sims to file an appeal from the state district court's January 11, 2024, order expired.[5] Once the clock began to run again, Sims had 96 days remaining to file his habeas petition in this Court, or until May 20, 2024.[6] Sims did not file his petition until, at the earliest, over two months later on July 26, 2024.[7] Thus, Sims' habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

## B. State-Created Impediment

Sims argues his petition should not be time-barred because he was prevented from timely filing his postconviction appeal due to official negligence and misconduct. To the extent Sims may be arguing that his habeas petition should be considered timely filed pursuant to 28 U.S.C. § 2244(d)(1)(B) due to a state-created impediment, the Court disagrees.

Section 2244(d)(1)(B) tolls the one-year AEDPA limitations period until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Here, Sims argues that the state district court clerk negligently failed to inform him that his notice of appeal lacked an application to proceed in forma pauperis. Filing No. 25 at 3. He also accuses prison officials of not sending his notice of appeal

---

[5]   Thirty days after January 11, 2024, fell on Saturday, February 10, 2024, so Sims had until the following business day, Monday, February 12, 2024, to file a notice of appeal. *See* Neb. Rev. Stat. § 25-2221 (where last day of period in which an act must be done falls on a Saturday or a date when the offices of courts of record are closed, the period shall run until the end of the next day on which the office or court will be open).

[6]   Ninety-six days after February 12, 2024, fell on Saturday, May 18, 2024, so Sims had until Monday, May 20, 2024, to file his petition.

[7]   The Court has given Sims the benefit of the prison mailbox rule and assumed his petition was filed on July 26, 2024, which is the date Sims states he placed his petition in the prison mailing system, Filing No. 1 at 27. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (holding that, "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

in a timely fashion after he placed it in the prison mailing system on February 1, 2024. *Id.* at 2, 4–5. Sims' arguments fail to demonstrate that section 2244(d)(1)(B) applies.

First, Sims has not demonstrated that the state district court clerk was required to notify him of his failure to file the required poverty affidavit with his notice of appeal. Sims claims the clerk should have sent him a "deficiency/return letter" pursuant to "Electronic-filing Rule § 2-201(G)(3) (incorporated into Trial-Court Rule § 6-401)," Filing No. 25 at 3 (emphasis omitted), but the Court could not locate such a rule. Assuming Sims is referring to section 2-201 of the Nebraska Supreme Court Rules, that rule sets out the definitions applicable to Article 2 of the rules regarding "Electronic Filing, Service, and Notice System In Nebraska Trial and Appellate Courts," and subsection (G) defines the state appellate court's electronic case management system and does not contain a subparagraph (3). Neb. Sup. Ct. R. § 2-201(G). It is possible that Sims is referring to section 2-212 of the Nebraska Supreme Court Rules, which provides, in relevant part, that "[i]f a court rejects or declines a document due to noncompliance with an applicable rule, the clerk shall notify the user of the reasons for the rejection." Neb. Sup. Ct. R. § 2-201(A)(1). However, this rule applies only to rejection of an electronically-filed document for failure to comply with the filing rules in Article 2, and the rule specifically provides that "[r]ejection due to noncompliance with an applicable rule shall not extend the mandatory or statutory time for the filing of such document." *Id.* In any case, there is no indication that Sims was unaware of the need to file a poverty affidavit with his notice of appeal as he admits he "inadvertently failed to include an application to proceed in forma pauperis and poverty affidavit" with his notice of appeal. Filing No. 25 at 2; *see also id.* at 14.

10

Moreover, neither the state district court clerk's nor the prison officials' alleged mishandling of Sims' notice of appeal constitute a state-created impediment sufficient to warrant tolling of the limitations period under section 2244(d)(1)(B). *See Muhammad v. Jeffreys*, No. 8:23CV147, 2025 WL 81422, at \*4 (D. Neb. Jan. 13, 2025) (finding the alleged failure of prison officials to timely mail a state court appeal, which resulted in the dismissal of his postconviction appeal, did not constitute a state-created impediment under § 2244(d)(1)(B)). Regardless, Sims has not demonstrated that the state officials' alleged interference with his ability to perfect his postconviction appeal prevented him from timely filing his federal habeas petition in this Court where approximately one month remained on the AEDPA statute of limitations clock after the Nebraska Court of Appeals dismissed Sims' postconviction appeal for lack of jurisdiction. Though Sims may have been attempting to exhaust his state court remedies prior to filing his habeas petition, "[s]ection 2244(d)(1)(B) requires a federal petitioner to 'be able to demonstrate that he was actually prevented from filing his claims in any form in any court,' not that the claims in the federal petition were potentially subject to dismissal if the petition was filed." *Id.* (quoting *Lara v. Williams*, No. 2:12-CV-00505, 2013 WL 557894, at \*4 (D. Nev. Feb. 11, 2013), *aff'd sub nom. Lara v. Neven*, 629 F. App'x 790 (9th Cir. 2015)); *see also Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009) ("The plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." (internal quotation omitted)). Under these circumstances, the Court finds section 2244(d)(1)(B) does not apply.

## C. Equitable Tolling

Liberally construed, Sims' arguments regarding the state district court clerk's and prison officials' negligence could also be construed as arguments in favor of equitable tolling. Generally, a litigant seeking equitable tolling must

establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The Eighth Circuit has reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (citation omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace*, 544 U.S. at 418. Here, Sims has not met that burden.

Sims' arguments relate solely to the timeliness of his state postconviction appeal, but he has not demonstrated that some extraordinary circumstance prevented him from timely filing his habeas petition nor that he diligently pursued his habeas rights in this Court. Rather, once the Nebraska Court of Appeals dismissed his appeal as untimely on April 15, 2024, Sims was on notice that his postconviction appeal may not be "a properly filed application for State post-conviction or other collateral review" that would toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Sims even appears to acknowledge that if his appeal had been properly and timely filed, "the clock would have been tolled on the filing of Sims' federal habeas corpus petition because he would have been able to go through the [appeal process], then timely fil[e] his pre-prepared federal habeas corpus petition to this court without the State being able to raise any procedural bars." Filing No. 25 at 7 (punctuation corrected). Despite the questionable propriety of his postconviction appeal,

12

however, Sims took no steps to protect his right to federal habeas relief, even though at that point in mid-April 2024 the federal AEDPA statute of limitations had not yet expired.

While Sims may have been diligently attempting to exhaust his state-court remedies before seeking federal habeas relief, the United States Supreme Court has addressed such circumstances and "the apparent unfairness to petitioners who spend years exhausting state remedies, only to discover their federal habeas relief is time barred because their state petition was never 'properly filed'" and concluded:

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Walker*, 436 F.3d at 1030–31 (quoting *Pace*, 544 U.S. at 416).

Given that Nebraska postconviction motions and federal habeas petitions are subject to similar one-year limitations periods, the Court cannot conclude that Sims acted diligently when 269 days, or almost nine months, had already passed between the time Sims' conviction became final and the filing of his postconviction motion, and Sims was aware in mid-April 2024, prior to the expiration of the AEDPA limitations period, that his postconviction appeal had been dismissed for failure to comply with state-law filing requirements. Thus, after careful consideration, the Court finds that Sims has failed to demonstrate that he acted diligently in pursuing his rights to federal habeas relief and that an extraordinary circumstance prevented him from filing a timely habeas petition. As such, Sims is not entitled to equitable tolling. *See Alvarado v. Hansen*, No. 8:17CV283, 2018 WL 4006768, at *7 (D. Neb. Aug. 22,

2018) ("The Eighth Circuit has made it clear that equitable tolling is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state postconviction law." (listing authority)).

## D. Actual Innocence

Liberally construing Sims' brief and petition, he argues that he is actually innocent of the crimes for which he was convicted and the Court should require Respondent to respond to the merits of his habeas claims. Filing No. 25 at 7; *see also* Filing No. 1 at 11–14. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court established a gateway for untimely habeas claims in the event of a tenable actual-innocence claim. The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotations and alterations omitted). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324. Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation omitted). The actual innocence standard is a "demanding" one, and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Sims asserts that he is actually innocent because the factual basis given to support his pleas shows that his conduct amounted to no more than

manslaughter and he would not have pleaded guilty to two counts of second degree murder but for his counsel's ineffectiveness. Filing No. 1 at 12–13. However, Sims' theory of actual innocence does not rely on any "new evidence" that did not exist at the time of his pleas and convictions as required to invoke the actual innocence exception to the statute of limitations procedural bar. Evidence is only "new" in this context if it "was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001)). Here, the Nebraska Court of Appeals addressed and rejected Sims' claim on direct appeal that his plea was not freely, intelligently, voluntarily, and understandingly made because the factual basis was insufficient to support a conviction for second degree murder. *Sims*, 2018 WL 6504210, at \*4. As such, Sims has failed to present any new evidence to excuse the statute of limitations procedural bar. *See Barton v. Stange*, 959 F.3d 867, 872 (8th Cir. 2020) (deciding that a habeas petitioner's evidence was not "new" to establish an actual-innocence gateway where it was available at trial and was the basis on which his prior conviction was set aside); *United States v. Perales*, No. 8:19CR253, 2024 WL 775218, at \*2 (D. Neb. Feb. 26, 2024) (actual innocence exception not warranted where petitioner's self-defense theory was not "new" as it was known to him before he pleaded guilty, was based on his own first-hand observations during the altercation that led to the charges against him, and was a theory he repeatedly presented to his counsel in insisting he wished to go to trial).

## E. Request for Evidentiary Hearing

In his brief, Sims requested that the Court conduct an evidentiary hearing regarding why Sims' notice of appeal was not timely filed in the state court "in a manner to where the court should have timely notified Sims of the deficiency in his filing and Sims could have timely corrected that deficiency . .

. within the 30 days proscribed [sic] by the statute to appeal a decision issued by the district court." Filing No. 25 at 8. Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states in relevant part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Access to an evidentiary hearing is governed by AEDPA, specifically 28 U.S.C. § 2254(e)(2). In all but extraordinary cases, AEDPA "'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'" *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (quoting *McQuiggin*, 569 U.S. at 395).

Here, the evidence Sims seeks to present in opposition to Respondent's summary judgment motion relates to his state postconviction appeal and the alleged mishandling of his notice of appeal. As explained above, however, the Court concluded that, even if the state district court clerk and/or prison officials interfered with the filing of Sims' notice of appeal as he alleged, such interference did not constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B) nor did such circumstances warrant equitable tolling. Thus, to the extent Sims seeks an evidentiary hearing to oppose Respondent's summary judgment motion, such a hearing is not necessary and his request is denied.

**F. Conclusion**

Sims' habeas petition is untimely, and he has not demonstrated that he is entitled to equitable tolling or that the procedural bar of the one-year statute of limitations should be excused through any "gateway" claim of actual innocence. Accordingly, the Court will grant Respondent's summary judgment motion and dismiss the habeas petition with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Sims is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.   Respondent's Motion for Summary Judgment, Filing No. 19, is granted.

2.   Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3.   The Court will not issue a certificate of appealability in this matter.

4.   The Court will enter a separate judgment.

Dated this 18th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

17